UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 4:12CR373 AGF |
| v. | ) | |
| | ) | |
| RAY REED, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO REVOKE SELF-REPRESENTATION**

COMES NOW the United States of America, by and through United States Attorney Richard G. Callahan and Assistant United States Attorney Thomas C. Albus and respectfully moves that Defendant's pro se representation be revoked and that appointed standby counsel, John Stobbs, Esq., be named primary counsel to represent Defendant during trial. In support of its motion, the government states as follows:

1. Defendant has filed four documents with the Court (Documents 28, 41, 101 and 118). None of these documents was coherent or engaged the matters of fact and law joined by this prosecution. The first three documents were struck by the Court and the fourth was denied out of hand before a motion to strike could be filed. In these documents, the Defendant cites irrelevant laws, statutes and provisions of the United States Constitution. For example, in his latest filing, the Defendant claims the Court should dismiss the criminal Indictment pending in this case because of provisions of the Uniform Commercial Code. Defendant concludes "the required remedy has been perfected and I Mr Rayburn Reed Jr/sui juris (sic) with power of attorney of and for fictition (sic) as named herein entreats

the Court to dismiss the charges accordingly."  Page 2 of Defendant Motion to Dismiss (Doc. 118).

2. At the hearing on pretrial motions, Magistrate Judge Noce observed that Defendant had failed to file any motions or otherwise proceed under the Court's pretrial order.  (Doc. 117).

3. At the hearing on pretrial motions, Defendant made oral argument in addition to the written material discussed above.  Among other things, Defendant persisted in citing irrelevant laws including the Uniform Commercial Code and the Truth in Lending Act as applicable to the present case.  See Transcript of Hearing (Exhibit A) at pp. 7-8.  Defendant also asked the judge presiding "do you understand that I can sue you under common law for violating my rights under the Uniform Commercial Code?"  Id. at pp. 9-10.

4. The instant prosecution is a complex case involving dozens of tax returns and the applicability of an educational tax credit.  Defendant has demonstrated he has no interest in discussing the charges contained in the Indictment and instead prefers to discuss jurisdiction and his "common law" rights despite repeated rulings from the Court that such allegations are not well taken.

5. The Eighth Circuit Court of Appeals has recently observed "'[t]he right to self-representation is not a license abuse the dignity of the courtroom' or 'a license not to comply with relevant rules of procedure and substantive law.'"  United States v. Mabie, 663 F.3d 322, 328 (8th Cir. 2011) (quoting Faretta v. California, 422 U.S. 806, 819 (1975)).  In United States v. Mosley, the Eighth Circuit affirmed the

revocation of self-representation where, as here, a pro se defendant "filed a number of unintelligible and frivolous...filings" and "demonstrated an unwillingness to participate in pretrial proceedings." 607 F.3d 555, 559 (8th Cir. 2010).

Wherefore, for the foregoing reasons, the government respectfully requests Defendant's self-representation be revoked and Defendant's current standby counsel be named counsel of record for future proceedings.

        Respectfully submitted,

        RICHARD G. CALLAHAN
        United States Attorney
        /s/ Thomas C. Albus
        Thomas C. Albus
        Assistant United States Attorney

A true and accurate copy of the foregoing was served electronically upon the Defendant in care of John D. Stobbs II, Esq., standby counsel, this 5th day of March, 2013.

        /s/ Thomas C. Albus